# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# AKRON DIVISION

| | |
|---|---|
| JUSTINE N. JETER,<br><br>Plaintiff,<br><br>v.<br><br>THE CBE GROUP, INC.<br><br>Defendant. | Case No. 5:21-cv-01030 |

## COMPLAINT

**NOW COMES** JUSTINE N. JETER, by and through her undersigned counsel, complaining of THE CBE GROUP, INC., as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. JUSTINE N. JETER ("Plaintiff") is a natural person whom at all times relevant resided in Canton, Ohio.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692(a)(3).

6. THE CBE GROUP, INC. ("Defendant") is a prominent debt collector that collects debts owed to third parties.

7. Defendant maintains its principal place of business in Cedar Falls, Iowa.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6) because it regularly collects debts to owed to third parties.

## FACTUAL ALLEGATIONS

9. In the Spring of 2020, Plaintiff started to receive collection calls from Defendant.

10. Defendant's phone call were placed to Plaintiff's cellular phone and were made in an effort to collect a consumer debt allegedly owed by Plaintiff.

11. Shortly after Defendant's collection calls began, Plaintiff answered a phone call from Defendant and requested that Defendant cease its collection calls.

12. Despite Plaintiff's request that the collection calls cease, Defendant continued placing collection calls to Plaintiff's cellular phone.

13. Recently, Defendant's phone calls have become more frequent, with as many as four collection calls in a 24-hour period (e.g. February 2, 2021, January 27, 2021, and January 15, 2021).

14. In an effort to mask its identity, Defendant placed calls from various numbers, including the numbers (330) 615-1942 and (330) 615-1989.

15. As Defendant's phone calls became more frequent, Plaintiff answered Defendant's phone calls on multiple occasions and again requested that Defendant cease its collection calls.

16. Plaintiff's requests for the calls to cease again fell on deaf ears and Defendant continued to placed harassing collection calls to Plaintiff's cellular phone.

17. In total, Defendant placed no less than 50 harassing collection calls to Plaintiff's cellular phone after Plaintiff initially requested that the calls cease in early 2020.

18. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, loss of concentration, and the loss of battery charge.

19. Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

20. Concerned with the escalation of Defendant's abusive debt collection practices, Defendant retained counsel to compel Defendant to cease contact with her.

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

21. Plaintiff restates and realleges the preceding paragraphs as though fully set forth herein.

   a. **Violations of FDCPA §§1692d and d(5)**

22. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

23. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

24. Defendant violated §§1692d and d(5) by placing no less than 50 harassing collection calls to Plaintiff after Plaintiff initially requested that Defendant cease its collection calls in early 2020.

25. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Plaintiff informed Defendant she no longer wished to be contacted on her cellular telephone.

26. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff requested that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

    **b.    Violations of §1692g(a)**

27. 15 U.S.C. §1692g(a) requires a debt collector to send the consumer a written notice containing information regarding the debt it is attempting to collect within 5 days of the initial communication with the consumer.

28. The required disclosures are commonly referred to as the "validation notice."

29. Defendant violated §1692g(a) by failing to send Plaintiff a validation notice within five days of its initial communication with Plaintiff in early 2020.

30. As a result of Defendant's failure to provide Plaintiff with information regarding the subject debt, Plaintiff was deprived of critical information required by the FDCPA.

**WHEREFORE** Plaintiff, JUSTINE N. JETER, requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the FDCPA;
b. Award Plaintiff statutory and actual damages in an amount to be determined at trial;
c. Award Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: May 17, 2021                                          Respectfully Submitted,

**JUSTINE N. JETER**

By**:** /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com